UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ISIDRO BARICUATRO, ET AL.                                              CIVIL ACTION

VERSUS                                                                 NO.  11-2777

INDUSTRIAL PERSONNEL AND                                               SECTION "N" (2)
MANAGEMENT SERVICES, INC., ET AL.

# **O R D E R**

      Before the Court are Defendants[1] D & R Resources, LLC, DNR-Offshore and Crewing Services, Inc., Danilo Dayao, Grand Isle Shipyard, Inc., Industrial Personnel and Management Services, Inc., Randolf Nunez Malagapo, Nilfil Peralta, Mark Pregeant, Thunder Enterprises, Inc.'s Motion to Vacate Order on Motion for Protective Order/Motion to Dissolve Preliminary Injunction (Rec. Doc. 88) and Motion for Protective Order Prohibiting Plaintiffs' Counsel from Soliciting Putative Class Members to Join this Matter (Rec. Doc. 93).  Plaintiffs have filed oppositions to these motions (Rec. Docs. 100 and 99, respectively).  Considering all of the submissions of the parties,

---

[1] Defendants D & R Resources, LLC, DNR-Offshore and Crewing Services, Inc., Danilo Dayao, Grand Isle Shipyard, Inc., Industrial Personnel and Management Services, Inc., Randolf Nunez Malagapo, Nilfil Peralta, Mark Pregeant, Thunder Enterprises, Inc. have filed these motions, but this Order shall apply to all Defendants.

including the Reply Memorandums submitted by the Defendants (Rec. Docs. 115 and 117, respectively), all exhibits submitted by all parties, the Stipulation submitted by the parties, and the presentations of the parties at oral argument on July 19, 2012,

I.  **IT IS ORDERED** that all parties abide by the following STIPULATION:

1.  If a named Plaintiff or Opt-in Putative Class Member or potential Putative Class Member is employed or seeks employment from any Defendant, then employees of such Defendant (such as an HR manager for example), can speak with those individuals but only about their current or prospective employment (i.e, work availability, start date, hours, etc.).

2.  Neither party will coerce, threaten, or intimidate any putative class member.

II.  **IT IS FURTHER ORDERED** that the Motion to Vacate Order on Motion for Protective Order/Motion to Dissolve Preliminary Injunction (Rec. Doc. 88) is GRANTED.  The Order on Motion for Protective Order (Rec. Doc. 75) is hereby VACATED.  Based on the inherent danger of coercion in communications between defendant employers and plaintiff and putative plaintiff employees, *see E.E.O.C. v. Morgan Stanley & Co.*, 206 F.Supp.2d 559, 562

(S.D.N.Y. 2002) (*citing Bublitz v. E.I. duPont de Nemours and Co.*, 196 F.R.D. 545, 547 (S.D.Iowa 2000); *Abdallah v. Coca-Cola Co.*, 186 F.R.D. 672, 678-79 (N.D.Ga. 1999); *E.E.O.C. v. Mitsubishi Motor Mfg. of America, Inc.*, 960 F.Supp. 164, 168 (C.D.Ill. 1997)), the following PROTECTIVE ORDER is hereby entered:

> Defendants' counsel, their investigators, or anyone acting at the instruction of counsel, whenever they communicate with a putative plaintiff (meaning a current or former employee who may fall within the plaintiff class) regarding this litigation, must inform the putative plaintiff, in writing, that this action is pending; summarize the claims in the action; advise the putative plaintiff that he may, but is not required to, join the action; and advise the putative plaintiff that he may contact the Plaintiffs' attorneys for additional information.

III.  **IT IS FURTHER ORDERED** that the Motion for Protective Order Prohibiting Plaintiffs' Counsel from Soliciting Putative Class Members to Join this Matter (Rec. Doc. 93) is GRANTED IN PART and DENIED IN PART.  The following PROTECTIVE ORDER is hereby entered:

> 1. Press Releases - The motion is GRANTED with respect to press releases.  **IT**

**IS ORDERED** that neither party or counsel may issue any press release[2] about this litigation or any event occurring in this litigation without prior approval of either the assigned Magistrate Judge or the undersigned.

      2. Press Conferences - The motion is GRANTED as to press conferences[3]. **IT IS ORDERED** that neither party shall schedule or hold any press conferences related to this litigation or any event in this litigation pending further order.

      3. Plaintiffs' Website - The motion is DENIED regarding the Plaintiffs' website without prejudice to Defendants' right to file for further relief and an evidentiary hearing before the assigned Magistrate Judge, wherein the purportedly objectionable contents of the website can be presented and examined.

IV. Counsel are ordered to communicate and confer as needed in order to minimize controversies arising out of this Order, or future similar issues. Prior to filing any motion

---

[2]"Press release" shall mean a written or recorded communication containing information specifically prepared for and directed to any person or entity engaged in reporting or distributing information publically, not including paid (print or electronic) advertising spots generally sold by a media outlet. Nothing in this Order shall be construed to prevent advertising otherwise in compliance with the ethical and professional guidelines set forth by the American Bar Association and the Louisiana State Bar Association.

[3]"Press conference" shall mean any pre-planned or scheduled announcement or interview with a member or representative (freelance or otherwise) of any print or electronic or internet media outlet, whether by general invitation or appointment.

alleging a breach of any provision of this Order, counsel shall communicate in writing setting forth the specific nature of such perceived breach and allow a reasonable time for response. Any motions relevant to enforcement of this Order or the need to modify this Order shall be noticed and brought before the assigned Magistrate Judge pursuant to the Local Rules.

New Orleans, Louisiana, this 20th day of July, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**