UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISIDRO BARICUATRO, ET AL. | CIVIL ACTION |
| VERSUS | NO. 11-2777 |
| INDUSTRIAL PERSONNEL AND MANAGEMENT SERVICES, INC., ET AL. | SECTION "N" (2) |

# **O R D E R**

      Before the Court are Defendants Industrial Personnel and Management Services, Inc., DNR Offshore and Crewing Services, Inc. and Nilfil Peralta's Motion for a More Definite Statement and Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) (Rec. Doc. 76), Defendants D&R Resources, LLC, Randolf Malagapo and Danilo N. Dayao's Motion to Dismiss (Rec. Doc. 78), Defendants Grand Isle Shipyard, Inc., Thunder Enterprises, Inc., and Mark Pregeant, Jr.'s Rule 12(b)(6) Motion to Dismiss First Amended Class and Collective Action Complaint and Rule 12(e) Motion for a More Definite Statement (Rec. Doc. 79), and Defendants V Manpower Philippines, Inc. & Pacific Ocean Manning Inc.'s Motion to Dismiss under Rule 12(b)(6) & for More Definite Statement under Rule 12(e) (Rec. Doc. 81). Plaintiffs have filed Oppositions to each of these motions (Rec. Docs. 112, 111, 109, and 110, respectively). Considering all of the submissions of

the parties, including the Reply Memorandums filed by Defendants Industrial Personnel and Management Services, Inc., DNR Offshore and Crewing Services, Inc. and Nilfil Peralta (Rec. Doc. 133), D&R Resources, LLC, Randolf Malagapo and Danilo N. Dayao (Rec. Doc. 131), and Grand Isle Shipyard, Inc., Thunder Enterprises, Inc., and Mark Pregeant, Jr. (Rec. Doc. 135), the Court rules as set forth herein.

**IT IS ORDERED** that the Defendant's motions are **GRANTED IN PART** and **DENIED IN PART**. The following claims are **DISMISSED WITH PREJUDICE**:

1. 42 U.S.C. § 1981 Claims - Plaintiffs' 42 U.S.C. § 1981 claims are dismissed to the extent they are based on national origin alone. However, Plaintiffs can recover if they can demonstrate that they were "subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended § 1981 to forbid." *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 2028 (1987).

2. Negligent Infliction of Emotional Distress and Negligent Misrepresentation - The Court shall determine whether an employment relationship existed between each Plaintiff and each Defendant. The negligent infliction of emotional distress and negligent misrepresentation claims of each Plaintiff are dismissed as to each Defendant found to be a current or former employer of that Plaintiff. *See Perret v. Cytec Industries, Inc.*, 04-745, p. 6 (La. App. 5 Cir. 11/30/04), 889 So.2d 1121, 1125.

3. Unjust Enrichment - Plaintiffs' unjust enrichment claims are dismissed because

Plaintiffs have other remedies at law.  Under Louisiana law, "it is not the success or failure of other causes of action, but rather the *existence* of other causes of action, that determine whether unjust enrichment can be applied.  '[U]njust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided.'" *Garber v. Badon & Ranier*, 07-1497, p.11-12 (La. App. 3 Cir. 03/02/08), 981 So.2d 92, 100 (*quoting Louisiana Nat'l. Bank of Baton Rouge v. Belello*, 577 So.2d 1099, 1102 (La. App. 1 Cir. 1991)) (emphasis and alteration in original).

      4. Prescribed claims - The Fair Labor Standards Act ("FLSA") claims of the following Plaintiffs are dismissed because they are prescribed by the three-year statute of limitations applying to FLSA actions: Alberto Arcilla, Rogelio Calagos, Bonifacio Carreon, Armando Chumacera, Roseller Manuel, Butch Perez, Josue Rabadan, Zosimo Barroga, Bienvonido Cruzat, Teofilo Garcia, Benito Ilagan, Lemuel Lumanog, and Samuel Villa.  29 U.S.C. § 255.  The claims for intentional and/or negligent infliction of emotional distress, negligent misrepresentation, and false imprisonment of the following Plaintiffs are dismissed because they are prescribed by the one year liberative prescription period applicable to tort claims under Louisiana law: Danilo Acierto, Alberto Arcilla, Rogelio Calagos, Bonifacio Carreon, Armando Chumacera, Joel Franco, Saxon Gannod, Welsom Gorom, Rodelio Maligo, Roseller Manuel, Adrian Payagan, Butch Perez, Josue Rabadan, Marcelo Relota, Zosimo Barroga, Bienvonido Cruzat, Omar Estoesta, Teofilo Garcia, Benito Ilagan, Lemuel Lumanog, Amado Matusalin, Dante Perez, and Samuel Villa.  La. Civ. Code. Ann. art. 3492 (2012).

**IT IS FURTHER ORDERED** that Defendants' requests for more definite statement are **GRANTED**. Plaintiffs shall file, within fourteen (14) days of entry of this Order, a Second Amended Complaint specifically outlining the claims asserted and factual allegations made against each Defendant. Plaintiffs must also identify which Plaintiffs assert which claims against which Defendants, supporting these claims with specific factual allegations. Any fraud claims must be plead with particularity, pursuant to Federal Rule of Civil Procedure 9.

**IT IS FURTHER ORDERED** that Defendants' motions are in all other respects **DENIED WITHOUT PREJUDICE** to Defendants refiling their motions in response to the Second Amended Complaint to be filed by Plaintiffs.

New Orleans, Louisiana, this 14th day of August, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**