UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ISIDRO BARICUATRO, ET AL                          CIVIL ACTION

VERSUS                                            NO.  11-2777

INDUSTRIAL PERSONNEL AND                          SECTION "N"  (2)
MANAGEMENT SERVICES, INC., ET AL

## ORDER AND REASONS

Before the Court are four motions to dismiss (Rec. Docs. 175, 176, 177 and 190) directed

to the plaintiffs' "Second Amended Class and Collective Action Complaint" (Rec. Doc. 172).

## I.  BACKGROUND:

The plaintiffs are Filipino workers (including welders and pipe fitters) who allege that

they were fraudulently recruited in the Philippines, given E-2 or B-1/OCS visas, and then

brought to Louisiana, where they were exploited in the oil and gas industry and housed in

deplorable conditions.   The plaintiffs allege that the defendants:   (1) subjected them to forced

labor in violation of the Trafficking Victims Protection Act of 2003 (18 U.S.C. §§ 1589-90); (2)

violated the Racketeer Influenced and Corrupt Organization Act ("RICO") (18 U.S.C. §§ 1961-

68); (3) violated the plaintiffs' civil rights (42 U.S.C. § 1981); (4) violated the Fair Labor

Standards Act ("FLSA") (19 U.S.C. §§ 203(m), 206 & 207); (5) violated the Klu Klux Klan Act

of 1871 (42 U.S.C. § 1985) and the Thirteenth Amendment; (6) committed the torts of fraud,

negligent misrepresentation, false imprisonment, and intentional and negligent infliction of

emotional distress under Louisiana law; and (7) breached contracts and/or covenants of good

faith and fair dealing.  *See* Rec. Doc. 172.  The plaintiffs also assert these claims on behalf of

others similarly situated, as a putative class action under FRCP 23 and a putative collective action under the FLSA.

In response to earlier motions to dismiss and for a more definite statement, the Court dismissed certain specific claims (*e.g.*, claims for unjust enrichment and the prescribed claims of particular individual plaintiffs) and granted the more definite statement, instructing the plaintiffs to file a Second Amended Complaint specifically outlining the claims and allegations against each defendant. *See* Rec. Doc. 168. The plaintiffs filed their Second Amended Complaint (the "Complaint") (Rec. Doc. 172) on September 7, 2012. In response, the defendants filed the instant motions (Rec. Docs. 175, 176, 177 and 190), together with supporting memoranda (Rec. Docs. 175-1, 176-1, 177-1 and 190-1). The plaintiffs have filed opposition memoranda (Rec. Docs. 185, 192, 193 and 207). Defendant Nilfil Peralta has filed a reply memorandum (Rec. Doc. 200). Having analyzed the Complaint, the memoranda, and the applicable law, the Court rules as follows.

## II. <u>ANALYSIS</u>:

### A. <u>The Punitive Damage Claims Under Louisiana Law Are Withdrawn</u>:

Defendants Industrial Personnel and Management Services, Inc. ("IPAMS"), DNR Offshore and Crewing Services, Inc. ("DNR"), Nilfil Peralta ("Peralta"), Grand Isle Shipyard, Inc. ("GIS"), Thunder Enterprises, Inc. ("Thunder"), Mark Pregeant, Jr. ("Pregeant"), D&R Resources, LLC ("D&R"), Randolf Malagapo ("Malagapo"), and Danilo Dayao ("Dayao") (movants in Rec. Docs. 175, 176 and 177), argue that plaintiffs' punitive damage claims under Louisiana law should be dismissed as it is without basis in Louisiana law. Plaintiffs do not

oppose this aspect of the motions and have agreed to withdraw the reference to "punitive damages" in connection with its state law claims. *See* Rec. Doc. 192 at 2; 185 at 11; 193 at 3. Accordingly, the references to punitive damages in paragraphs 272, 292, 299 and 305 of the Complaint are withdrawn.

### B. **The FLSA Claims of Three Plaintiffs Are Time-Barred**:

Defendants IPAMS, DNR, Peralta, GIS, Thunder, Pregeant, D&R, Malagapo, and Dayao (movants in Rec. Docs. 175, 176 and 177), argue that the FLSA claims of three plaintiffs (Amada Matusalin, Teodoro Dominguez, and Noel Masikip) are time-barred under the two-year statute of limitations. 29 U.S.C. § 255(a). Movants GIS, Thunder, and Pregeant further seek to dismiss the FLSA claims of one plaintiff "Perez" to the extent that such plaintiff refers to Butch Perez and not Dante Perez. Plaintiffs agree, based on information currently available to them, that the claims of Matusalin, Dominguez, and Masikip are time-barred. They have offered to voluntarily dismiss these claims, provided the dismissal is without prejudice to their right to reassert the claims should discovery later produce evidence that their employment ended later than previously thought. Under the Federal Rules, "any order...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Should newly discovered evidence later reveal that these plaintiffs' FSLA claims are in fact not prescribed, plaintiffs may file an appropriate motion under Rules 59 and/or 60. Thus, the FSLA claims of Amada Matusalin, Teodoro Dominguez, and Noel Masikip are dismissed. As for

plaintiff Perez, the plaintiffs have clarified that the allegation refers to Dante Perez, not Butch Perez.

**C.  The Section 1985 Claims of Twenty-Five (25) Plaintiffs Are Time-Barred:**

Defendants IPAMS, DNR, Peralta, GIS, Thunder, Pregeant, D&R, Malagapo, and Dayao (movants in Rec. Docs. 175, 176 and 177), argue that the section 1985 claims of twenty-five plaintiffs are time-barred under the one-year statute of limitations.  As with the FLSA claims discussed above, the plaintiffs agree that, based on information currently available to them, the claims of these twenty-five individuals are time-barred.  *See* Rec. Docs. 192 at 5; 185 at 11; 193 at 3.  They have offered to voluntarily dismiss these claims, provided the dismissal is without prejudice to their right to reassert the claims should discovery later produce evidence that their employment ended later than previously thought.  *Id.*  As noted above, any order that adjudicates fewer than all claims may be revised at any time before the entry of final judgment.  Fed. R. Civ. P. 54(b).  Thus, should discovery later reveal evidence that these plaintiffs' section 1985 claims are not prescribed, the plaintiffs may file an appropriate motion at that time.

Accordingly, the section 1985 claims of the following twenty-five plaintiffs in question are dismissed: (1) Omar Estoesta, (2) Joel Franco, (3) Saxon Gannod, (4) Welson Gorom, (5) Rodelio Maligo, (6) Adrian Payagan, (7) Samuel Villa, (8) Danilo Acierto, (9) Alberto Arcilla, (10) Zosimo Barroga, (11) Rogelio Calagos, (12) Bonifacio Carreon, (13) Armando Chumacera, (14)  Bienvenido Cruzat, (15) Teodoro Dominguez, (16) Teofilo Erwin Garcia, (17) Benito Ilagan, (18) Lemuel Lumanog, (19) Roseller Manuel, (20) Noel Masikip, (21) Amada Matusalin, (22) Butch Era Perez, (23) Dante Perez, (24) Marcelo Relota, and (25) Josue Rabadan.

**D.  The Thirteenth Amendment Claims Are Brought Exclusively Under § 1985:**

Defendants IPAMS, DNR, Peralta, GIS, Thunder, Pregeant, D&R, Malagapo, and Dayao (movants in Rec. Docs. 175, 176 and 177), argue that plaintiffs' Thirteenth Amendment claims should be dismissed because the Thirteenth Amendment provides no private right of action against private employers.  Plaintiffs agree that this is the law and make clear that these claims are brought exclusively pursuant to 42 U.S.C. § 1985, not directly under the Thirteenth Amendment.  *See* Rec. Docs. 192 at 5; 185 at 11; 193 at 3.  With this clarification, there is no basis for dismissing these claims.

**E.  The Complaint's Allegations Against Specific Defendants Are Sufficiently Clear:**

Defendants D&R, Malagapo, and Dayao (movants in Rec. Doc. 177), argue that the Second Amended Complaint does not sufficiently set forth specific allegations against each defendant, as directed in this Court's prior Order (Rec. Doc. 168).  The Court disagrees. Whereas the plaintiffs previously alleged that the actions in question were made by "defendants" generically, without specifying which of the eleven defendants were involved, the plaintiffs now specify that these actions were taken by five particular defendants:   GIS, DNR, Thunder, Dayao, and Malagapo.  Given the nature of the allegations in question, which involve alleged actions that supposedly occurred repeatedly and/or periodically over a long period of time (*e.g.*, nightly locking the plaintiffs in a bunkhouse), the Court finds that these allegations now pass muster under Rule 8(a) and (d)(1) and Rule 12(b)(6).

**F.     The Allegations Are Sufficient to Support the Conclusion that Nilfil Peralta Is an Employer for Purposes of the FLSA:**

Defendant Nilfil Peralta (movant in Rec. Doc. 175) argues that the FLSA claims against him should be dismissed because the plaintiffs have failed under *Twombly* and *Iqbal* to assert sufficient allegations against him personally to support a plausible claim that he is an "employer" for purposes of the FLSA. The Court disagrees.

### 1.     The Standard for Rule 12(b)(6) Dismissal Under *Twombly* and *Iqbal*:

The Federal Rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim does not have plausibility if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

Although the Court must accept all factual allegations as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555).  Indeed, a complaint cannot survive a Rule 12(b)(6) motion

with mere "labels and conclusions," "[t]hreadbare recitals of the elements," "an unadorned,

the-defendant-unlawfully-harmed-me accusation," or "'naked assertion[s]' devoid of 'further

factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Thus,

the Court's task is to look beyond any such conclusory assertions to the factual "nub" of the

complaint — "the well-pleaded, nonconclusory factual allegation[s]" — and determine whether

these factual allegations, taken as a whole, state a facially plausible claim to relief.  *Iqbal,*556

U.S. at 680; *Twombly*, 550 U.S. at 564-65.

> **2.     The Standard for Determining Whether an Owner is an "Employer" Under the FLSA:**

Under the FLSA, an " '[e]mployer' includes any person acting directly or indirectly in

the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  Thus, while

"merely being an officer or shareholder" will not subject an individual to FLSA liablity,

"employer status may be appropriate where operational control coincides with one's position as

a shareholder, officer, or owner."  *Gray v. Powers,* 673 F.3d 352, 355-56 (5th Cir. 2012).  The

Fifth Circuit uses the "economic reality" test to evaluate whether a person possesses such

operational control with respect to the employment relationship.  *Id.* at 354, 357.   In applying

this test, the Court considers whether the person:  "(1) possessed the power to hire and fire the

employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employment

records."  *Id.* at 355 (quotations omitted).  "While each element need not be present in every

case," the person must have control over at least certain aspects of the employment relationship. *Id.* at 357 ("While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship,' it does not follow that someone who does not control any aspect of the employment relationship is an employer.").[1]

> ### 3. The Complaint, Taken as a Whole, Contains Allegations Sufficient to Support the Inference the Peralta Had Operational Control at Least as to Certain Aspects of the Employment Relationship:

The movant complains that the plaintiffs do not assert particularized allegations of operational control with respect to Peralta, but rather make only generic allegations as to all defendants and "lump Mr. Peralta in" in an effort to support the FSLA claims against him. Peralta argues that this falls short under *Twombly* and *Iqbal*. The Court disagrees and finds that the Complaint contains sufficient allegations to state a plausible claim against Peralta under the FLSA, including sufficient allegations to support a reasonable inference of operational control. First, *Twombly* and *Iqbal* do not require particularized allegations. Indeed, *Twombly* made this

---

[1] The *Gray* court continued:

> The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies. An individual's operational control can be shown through his power to hire and fire, ability to supervise, power to set wages, and maintenance of employment records. While each element need not be present in every case, finding employer status when none of the factors is present would make the test meaningless. We decline to adopt a rule that would potentially impose individual liability on all shareholders, members, and officers of entities that are employers under the FLSA based on their position rather than the economic reality of their involvement in the company.

*Gray v. Powers,* 673 F.3d at 357.

expressly clear.  *See Twombly*, 550 U.S. at 569 n.14 ("Here, our concern is not that the

allegations in the complaint were insufficiently "particular[ized]"; rather, the complaint

warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.");

*see also Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf* , 658 F.3d 500, 506 (5th Cir. 2011)

(finding that, while certain allegations standing alone fell short, the complaint "read as a whole"

satisfied the standards enunciated in *Twombly* and *Iqbal*).

Here, the Court finds sufficient factual allegations against Peralta to support a reasonable

inference that he had operation control at least as to certain aspects of the employment

relationship.  The plaintiffs do allege that Peralta is an owner of DNR.  *See,e.g.*, Rec. Doc. 172 at

¶¶  5, 57.  However, plaintiffs also name Peralta as being directly and personally involved in

recruiting and hiring the plaintiffs, including involvement in obtaining E-2 and/or B-1/OCS visas

for the plaintiffs.  *Id.* at ¶¶ 29, 56, 58.  The plaintiffs also specifically name Peralta as one of the

defendants who made promises to the plaintiffs concerning their employment, who threatened to

deport the plaintiffs when they complained about substandard living conditions, and who

implemented and enforced a twelve-hour work schedule six to seven days per week.  *Id.* at ¶¶  82

n.10, 105, 111, 118.   Thus, even disregarding plaintiffs' formulaic allegation concerning the

economic reality test,[2] the Court finds that the factual "nub" of the Complaint, taken as a whole

and taken as true, supports a reasonable inference that Peralta had operational control over

_____

[2]  Plaintiffs allege that Peralta:  (1) possessed the power to hire and fire the employees,
(2) supervised and controlled employee work schedules or conditions of employment, (3)
determined the rate and method of payment, and (4) maintained employment records.  Rec.Doc.
172 at ¶ 246.

significant aspects of the employment relationship.  Consequently, the Court finds the FLSA claims against Peralta to be facially plausible under *Twombly* and *Iqbal*.  The motion (Rec. Doc. 175) is denied to the extent that it seeks dismissal of these claims.

G.     **The Motion of V People and POMI (Doc. 190) Is Denied in All Respects:**

Defendants V Manpower Philippines, Inc., formerly known as V People Manpower Philippines, Inc. ("V People") and Pacific Ocean Manning, Inc. ("POMI") have filed a "Second Motion to Dismiss Under Rule 12(b)(6)" (Rec. Doc. 190).  The plaintiffs argue that this motion is untimely under Rule 12(a)(4)(B), which provides that where as here, the Court grants a more definite statement, "the responsive pleading must be served within 14 days after the more definite statement is served."  Fed. R. Civ. P. 12(a)(4)(B).  The Court agrees.  The plaintiffs electronically filed their Second Amended Complaint on September 7, 2012.  Rec. Doc. 172. POMI and V People (the "POMI movants") did not file the instant motion until September 25, 2012.  Further, even if the motion were not untimely, the Court would nevertheless deny it in large part, as stated below.

1.     **The Complaint Is Clear as to the Time Period of the POMI Movants' Involvement:**

The POMI movants argue that the plaintiffs improperly impute to POMI and V People conduct that occurred after December 2008, when D&R and/or DNR took over the work previously performed by POMI and V People.  The Court disagrees.  The Complaint specifically states that V People (and therefore, POMI) did not recruit Filipino workers for GIS at any time after October 2008.  *See* Rec. Doc. 172 at 33 n.8.  The allegations are clear.

## 2. The Movants' RICO Argument is Wholly Unsupported:

The POMI movants also argue that the RICO allegations against POMI and V People are inconsistent and nonsensical because: (1) one of the alleged RICO enterprises consists of an ongoing business relationship among all of the defendants, including the POMI movants and DNR (f/k/a D&R), the company that took over the work previously performed by POMI and V People; and (2) the alleged RICO injuries include lost or unpaid wages, even though the Complaint contains no direct allegation that any plaintiff lost wages specifically because of POMI or V People. The movants cite no law whatsoever in support of this argument, and the Court can find nothing inconsistent or nonsensical about the RICO allegations.

## 3. Arguments Concerning the Section 1981 Claims and State Law Claims Against the POMI Movants:

The movants argue: 1) that the allegations supporting the section 1981 claim do not mention POMI or V People and therefore cannot support a section 1981 claim against them; and 2) that the negligent misrepresentation and infliction of emotional distress claims against them are prescribed. The plaintiffs do not disagree, although they suggest that any such dismissal should be without prejudice to their right to reassert the claims should discovery later produce evidence supporting the claims. Because the POMI motion will be denied as untimely, the Court need not address whether the requested dismissal should be with or without prejudice.

## 4. Arguments Concerning the Human Trafficking Scheme:

The movants make the rather confusing argument that "Plaintiff's claim for violations of the Klu Klux Klan Act should be limited to the facts actually alleged supporting such claim,

namely those facts regarding POMI and V People's alleged trafficking in persons" and "should be dismissed as to acts not alleged against POMI and V People." Rec. Doc. 190-1 at 12. Like the plaintiffs, the Court is uncertain as to what movants intend by this argument. Further, the movants cite no law in support. Thus, even if it were timely, this aspect of the motion would be denied.

**5. <u>Allegations Are Sufficient to Support Breach of Contract Claim:</u>**

The movants seek dismissal of the breach of contract and breach of implied covenant of good faith and fair dealing against them on grounds that the plaintiffs have failed to allege a contract between any plaintiff and the POMI defendants. In response, plaintiffs point to allegations that the POMI defendants made certain promises to plaintiffs and argue that these promises suffice to form the basis of state law claims for breach of contract and breach of implied covenant of good faith and fair dealing. The defendants have cited no law suggesting otherwise.[3] Accordingly, even if it were not untimely, this aspect of the motion would be denied.

**6. From the Face of the Complaint, the FLSA Claims Against the POMI Movants Are Not Prescribed:**

Finally, the POMI movants seem to argue for dismissal of the FLSA claims against POMI and V People on grounds that they are time-barred. However, as with the POMI movants' other arguments, they cite no law to support this argument. Thus, it would be denied on this basis even if it were not untimely.

_____

[3] Indeed, other than *Twombly*, the POMI movants cite no law at all.

12

### III.  CONCLUSION:

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that "V Manpower Philippines, Inc., Pacific Ocean Manning Inc. & V People, Inc.'s Second Motion to Dismiss under Rule 12(b)(6)" **(Rec. Doc. 190)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the following motions are hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth herein:

1) the "Partial Motion to Dismiss Pursuant to FRCP 12(b)(6)" **(Rec. Doc. 175)**, filed by Industrial Personnel and Management Services, Inc., DNR Offshore and Crewing Services, Inc. and Nilfil Peralta;

2) the "Partial Motion to Dismiss Plaintiffs' Second Amended Complaint" **(Rec. Doc. 176)**, filed by Grand Isle Shipyard, Inc., Thunder Enterprises, Inc., and Mark Pregeant, Jr.; and

3) the "Motion to Dismiss Second Amended Complaint" **(Rec. Doc. 177)**, filed by D&R Resources, LLC, Randolf Malagapo, and Danilo Dayao.

New Orleans, Louisiana, this 25th day of October, 2012.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**