UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISIDRO BARICUATRO, ET AL | CIVIL ACTION |
| VERSUS | NO. 11-2777 |
| INDUSTRIAL PERSONNEL AND<br>MANAGEMENT SERVICES, INC., ET AL | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is the "Joint Proposed Plan Regarding Notice under 29 U.S.C. § 216(b) with Briefing on Unresolved Issues" (Rec. Doc. 231), filed by the plaintiffs and defendants Grand Isle Shipyard, Inc., D&R Resources, LLC, and DNR Offshore and Crewing Services, Inc., as ordered in this Court's Order and Reasons of November 9, 2012 (Rec. Doc. 218). Having reviewed the parties' proposals and the applicable law, the Court approves the joint proposals and rules on the disputed issues as follows.

**A. Methods By Which Notice Shall be Conveyed:**

Plaintiffs argue that, due to the demographic nature of the putative class (itinerant Filipino workers, scattered across the globe, many of whom do not speak English), notice should be conveyed by mail (to the last known address); email (to the last known email address); posting bulletin notices in defendants' facilities in Louisiana and the Philippines; radio and newspaper notice in both Louisiana and the Philippines; and posting notice with online news services. Defendants argue that posting in defendants' facilities is unduly burdensome and that mail and email to the last known address is sufficient. However, defendants would compromise

to allow newspaper and radio if the plaintiffs would withdraw their request for internet new services and posting in defendants' facilities.

### 1. Radio, Newspaper, and Internet Notice:

Defendants argue that first class mail is sufficient notice and that plaintiffs have offered no compelling reason why notice via other media is necessary.  The Court disagrees and finds that these methods of notice are reasonably calculated to reach the targeted audience, a group of individuals who change residences frequently, often internationally.   Under such circumstances, mail to a last known address will likely fail to reach many of the intended recipients.   Thus, the aspects of the proposed notice plan relating to radio, newspaper, and internet notice (Rec. Doc. 231 at pp. 4-5, ¶¶ 6-7) are approved as written.

### 2. Posting a Bulletin Notice in Defendants' Facilities:

Defendants argue that posting a bulletin notice in their facilities would be unduly burdensome, although they fail to specify the nature of this alleged burden, and the Court is left to speculate in this regard.  Plaintiffs have asked that notice be posted both in Louisiana and in the Philippines.  Given that the Court has approved radio and newspaper notice in the Philippines, as well as use of internet news services, the Court does not find that posting in defendants' facilities in the Philippines is necessary.  The Court has been given no reason to suspect that defendants' employees and former employees who currently reside in the Philippines do not have full access to their mail and email, as well as complete freedom to access information published via radio, newspaper, and internet.  However, with regard to potential opt-in plaintiffs currently being housed in defendants' facilities in Louisiana, the allegations of the

Complaint, taken as true, would suggest that such persons might not have access to radio, newspaper, internet, or even mail or email.  Thus, the Court finds that posting a bulletin notice in the defendants' Louisiana facilities, particularly any housing facilities, is appropriate.  The Court finds that thirty (30) days is a reasonable period for such posting.  Accordingly, with these modifications, the Court approves paragraph 5 of the proposed notice plan.

**B.  Duration of Opt-In Period:**

Plaintiffs argue that, due to the demographic nature of the putative class (itinerant Filipino workers, scattered across the globe, many of whom do not speak English), an opt-in period of 120 days is necessary.  Defendants argue that sixty (60) days is adequate.  The Court agrees that a longer than average duration is appropriate, but finds that ninety (90) days is sufficient.  Thus, with this modification, the Court approves paragraph 8 of the proposed notice plan.

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that the following Notice Plan is hereby approved for the FLSA collective action conditionally certified by the Court:

1. Consistent with the Court's November 9, 2012 Order (Rec. Doc. 218), notice under 29 U.S.C. § 216(b) shall be provided to the following Collective Class:

> All individuals who are currently employed or formerly have been employed by Grand Isle Shipyard, Inc., D&R Resources, LLC, or DNR Offshore and Crewing Services, Inc. in the State of Louisiana, under E-2 and/or B-1/OCS visas, since November 8, 2008.

2. Within fifteen (15) days after entry of this Order by the Court, Defendants shall produce to Plaintiffs' Counsel an Excel spreadsheet containing the names of all putative

members of the Collective Class (the "class list").  The class list shall also include each putative class members' last known address, last known phone number, and last known e-mail address.  Within this same time period, Defendants shall also produce the class list to the third-party claims administrator identified below.  Defendants will provide Plaintiffs' Counsel with social security numbers for all persons for whom a notice packet is returned due to an erroneous address, assuming that Defendants have the social security number for those persons.

      3.  Heffler Claims Administration will serve as the third-party claims administrator in this case and will administer distribution of the notice.  Heffler Claims Administration shall execute a confidentiality agreement to ensure that the information received pursuant to Paragraph 2 above will be kept confidential, and that such information will be returned/ destroyed at the conclusion of this case.

      4.  Within ten (10) days after receiving the class list, the claims administrator shall mail and e-mail the mailed notice (attached hereto as Exhibit "A") and opt-in consent (attached hereto as Exhibit "B") to all putative class members.  This mailing shall include two copies of the mailed notice – one in English and one in Tagalog – and two copies of the opt-in consent from – one in English and one in Tagalog.   Five (5) days prior to mailing, the claims administrator shall send a draft of the final mailed notice to Plaintiffs' Counsel and to Defendants' Counsel in English and Tagalog.

      5.  Within fifteen (15) days after entry of this Order by the Court, Defendants shall post the bulletin notice (attached hereto as Exhibit "C") in any facility in Louisiana that is owned, managed, or operated by any Defendant and is frequented by putative class members.  Notices shall be posted in each building within each said facility that putative class members

may frequent. The notice shall be posted in areas that are visible by, and accessible to, all putative class members in these facilities. The notice shall be posted in both English and Tagalog. Within twenty (20) days after entry of this Order, Defendants shall provide Plaintiffs' Counsel with a written list of facilities in which the bulletin notice has been posted, and the locations within each said facility where the bulletin notice has been posted. The bulletin notice shall remain posted for a period of thirty (30) days.

      6. Within fifteen (15) days after entry of this Order by the Court, the radio notice (attached hereto as Exhibit "D") will air on two radio stations in the Philippines - ABS CBN (DZMM) and GMA (DZBB), and two radio stations in Louisiana - WWL and the Filipino Channel. The radio notice will air two times per day, two days per week, for six weeks.

      7. Beginning within fifteen (15) days after entry of this Order by the Court, the newspaper notice (attached hereto as Exhibit "E") will be published in both English and Tagalog as follows. In the Philippines, the newspaper notice will run in People's Journal, Abante Tonight and in The Manila Bulletin. In the United States, the newspaper notice will run in The Times-Picayune and in The Lafourche Gazette. For each, the notice will be published in each print edition for three weeks (except that where the publication publishes more than three times per week, three days each week will be selected). The newspaper notice will also be posted for three weeks on the following internet news services: ABS-CBN Global, GMA News Online, tlgnewspaper.com and NOLA.com.

8.  Putative class members shall have the opportunity to "opt-in" to the Collective Class within 90 days after the date the notice is mailed pursuant to paragraph 4 above (the "opt-in period").

9.  The claims administrator will promptly send .pdf copies of all returned opt-in consent forms to Plaintiffs' Counsel, who will file them electronically with the Court.

New Orleans, Louisiana, this 29th day of November, 2012.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**