UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISIDRO BARICUATRO, JR. ET AL. | CIVIL ACTION |
| VERSUS | NO. 11-2777 |
| INDUSTRIAL PERSONNEL AND MANAGEMENT SERVICES, INC. ET AL. | SECTION "N" (2) |

## ORDER AND REASONS ON MOTIONS

This is a putative class action by foreign workers asserting a variety of causes of action arising from their employment at a Louisiana shipyard. Two motions are currently pending before me: (1) Defendants' Motion to Modify Protective Order and Impose Sanctions, Record Doc. No. 312, and (2) Plaintiffs' Motion for Contempt and Sanctions, Record Doc. No. 321. Both parties filed timely opposition and reply memoranda. Record Doc. Nos. 333, 335, 336 338, 339, 347 and 349.

At the request of counsel for both parties, oral argument was conducted concerning these motions on March 13, 2013. Participating were Peter B. Schneider, Joseph Peiffer and Ellaine Carr, representing plaintiffs; David Korn, Larry Demmons, Michael Tusa, Jr., Seth Nichamoff, MaryJo Roberts and Alexis Butler, counsel for the various defendants.

Having considered the complaint, the record, the voluminous motion submissions of the parties, the representations of counsel at oral argument and the applicable law, and

for the following reasons, **IT IS ORDERED** that defendants' motion is GRANTED IN PART and DENIED IN PART, and that plaintiffs' motion is DENIED.

I.   DEFENDANTS' MOTION TO MODIFY PROTECTIVE ORDER AND IMPOSE SANCTIONS

Defendants' motion seeks three kinds of relief based upon the admitted participation of some plaintiffs in media events and interviews, which defendants assert violated the court's prior order. Record Doc No. 119 at pp. 3-4. The relief sought includes: (1) modification of the court's protective order to permit defendants to engage in the same kind of media exposure and publicity activities concerning this case in which some plaintiffs have engaged, and (2) imposition of sanctions, including (a) the ultimate sanction of dismissal of the claims of those plaintiffs who have given broadcast or printed interviews and participated in other publicity about their side of the case, and (b) an award of defendants' attorneys' fees and costs incurred in investigating plaintiffs' conduct and pursuing this motion.

The provision of the court's order at issue in this motion is Paragraph III(2), including its footnote 3, which states in pertinent part:

> [N]either party shall schedule or hold any press conferences related to this litigation or any event in this litigation . . . . "Press conference" shall mean any pre-planned or scheduled announcement or interview with a member

> or representative . . . of any print or electronic or internet media outlet, whether by general invitation or appointment.

Record Doc No. 119 at pp. 3-4 (emphasis added).

I find that the plaintiffs named in defendants' motion papers who participated either in interviews with a reporter from New Orleans television station WWL-TV or the media/political/publicity events in the Philippines, New York and New Orleans violated the court's order. Plaintiffs concede that some plaintiffs sat for an interview by a WWL-TV reporter, who requested it and then broadcast interview excerpts, and that they participated directly in media-covered events in the Philippines, New York and New Orleans sponsored by a third-party activist group with which plaintiffs informally associated themselves. Plaintiffs argue, however, that these media and publicity activities by plaintiffs did not violate the court's order because plaintiffs themselves did not instigate or initiate their media appearances and publicity, which instead were scheduled or prompted by the television reporter or the activist group. They argue that the court's order prohibited only media statements and publicity by plaintiffs that they themselves pre-planned, scheduled or invited, or for which plaintiffs themselves made the appointment.

I reject this interpretation of the court's order. The order itself does not include any such limitation. The definition of prohibited press conferences includes "pre-

3

planned or scheduled announcement <u>or</u> interview." It does not specify pre-planned or scheduled <u>by</u> <u>whom</u>; <u>i.e.</u>, plaintiffs as opposed to others, like reporters or activist groups. In the everyday affairs of human beings, announcements and interviews may be pre-planned or scheduled either by the announcer or the subject of the announcement, either by the interviewer or the interview<u>ee</u>. In these circumstances, the order prohibits the defined activity no matter who pre-planned or scheduled it.

In addition, the adjectives "pre-planned or scheduled" precede the word "announcement." They do not immediately precede the term "interview," which is preceded by the connective word "or." When parties disagree about the meaning of words or phrases, the court will look for the words' common meaning in a way that renders the provision effective, not ineffective, and with reference, if necessary, to the dictionary. See <u>In re Katrina Canal Breach Litig.</u>, 495 F.3d 191, 207-11, 214 (5th Cir. 2007) (relying upon various dictionaries and Louisiana law interpretive techniques to discern the meaning of the word "flood"). "Or" is "a function word" with more than one meaning. On one hand, it may be used "to indicate (1) an alternative between different or unlike things, states, or actions." On the other hand, it may connect "(3) synonymous, equivalent, or substitutive character of two words." <u>Webster's Third New International Dictionary</u> 1585 (Merriam-Webster Inc. 1981). In the instant order, the former definition of the word "or" clearly applies, since an "announcement" is something entirely different

4

from and unlike an "interview." The word "interview" is defined as "a meeting in which a writer or reporter or radio or television commentator obtains information from someone for publication or broadcast." Id. at 1184. An "announcement" in the context of this order means "a message delivered on radio or television." Id. at 87. None of the definitions of "interview" and "announcement" contained in my office dictionary make any reference to who might have instigated them. Under these circumstances, I cannot conclude that "pre-planned or scheduled" was intended to describe or modify "interview," by referring only to plaintiffs' pre-planning or scheduling.

When coupled with the absence of any limitation in the order as to whom the pre-planning or scheduling requirement applies, the most common-sense and effective interpretation of the court's order, particularly when considering the clear intent of the court to require the parties to try their case in the courtroom rather than in the press, is to prohibit the parties from giving media interviews and statements about the case, no matter who scheduled, planned, invited or made the appointment for the interview.

The court's order is geared at prohibiting conduct that threatens to undermine the orderly resolution of this dispute through the balanced clash of adversarial positions inherent in the carefully structured crucible of the federal court, as opposed to the less-structured arena of partially informed public opinion. The order makes no distinction as to whether that prohibited conduct is undertaken on the parties' own volition or in

5

response to some outsider's initiation of the prohibited conduct, such as by a reporter or an activist organization. Plaintiffs' argument would impose a nonsensical interpretation of the court's order that would render the order ineffective by permitting plaintiffs to do what the order prohibits them from doing, through the mere expedient of the press requesting the statement or interview.

Whether characterized as a protective order under Rule 26(c) or (as appears more likely) a pretrial order under Rule 16(c)(2)(L), an award of reasonable expenses, including attorney's fees, is appropriate when an order of this sort is violated. Fed. R. Civ. P. 26(c)(3) and 16(f). Both rules permit the imposition of monetary sanctions against the party, its attorney, <u>or</u> <u>both</u>. Fed. R. Civ. P. 16(f)(2) and 37(a)(5)(A) (made applicable to a "protective order" violation by Fed. R. Civ. P. 26(c)(3)). In this case, it is clear from the motion papers and from the admissions of plaintiffs' counsel at oral argument that plaintiffs' attorneys permitted and assisted them in participating in the subject publicity activities. Counsel sat with some of the plaintiffs during their television interviews and attended the activist group's rallies with others.

Under these circumstances, I find that sanctions should be imposed against plaintiffs <u>and</u> their counsel. Thus, the motion is granted insofar as it seeks monetary sanctions against the following offending plaintiffs: Eduardo Real, Ferdinand Garcia, Rufino Orlanez, Ricardo Ramos, Randy Cabuenas, Romeo Andrade, Lemuel Lumanog,

Adrian Payagan, Isidro Baricuatro, Jr., Welson Gorom, Ranel Lamoste, Edna Tajonera and Jade Diane Tajonera (to the extent the two Tajoneras may be named as substitute plaintiffs for the named plaintiff, Avelino Tajonera, pursuant to Fed. R. Civ. P. 25(a)), and their counsel. To set the amount of the monetary sanctions award, defendants must file a separate motion, noticed for hearing pursuant to Local Rule 7.2 and supported by evidence and in the manner required by Local Rule 54.2.

The motion is denied insofar as it seeks the dispositive and draconian remedy of dismissal of these plaintiffs' claims as a sanction. While dismissal is not expressly provided as a sanction under Rule 26(c), the court's order in this instance, as mentioned above, appears to have been entered as a pretrial order pursuant to Fed. R. Civ. P. 16(c)(2)(L) aimed at "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Sanctions for violation of such orders encompass "those authorized by Rule 37(b)(2)(A)(ii-(vii))," which include dismissal. Fed. R. Civ. P. 16(f)(1)(C).

In the Rule 37(b)(2) discovery context, the sanction of dismissal is reserved exclusively for clear records of contumacious and continuing misconduct. See Doe v. Am. Airlines, 283 F. App'x 289, 291 (5th Cir. 2008); Davis v. Auto Club Family Ins. Co., No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing

Fed. Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1381 (5th Cir. 1994); Equal Emp't Opportunity Comm'n v. Gen. Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993); Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985)).  Whether by exercise of a court's inherent sanctioning power or under the authority of Rule 37(b), imposition of the severest sanctions, such as the dismissal of claims as requested by defendants in this motion, requires a showing of bad faith, willful disobedience of the court order or vexatious, wanton or oppressive conduct.  Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 488 (5th Cir. 2012).

No such showing of contumacious, wanton, willful or bad faith misconduct has been established at this time.  While I have rejected plaintiffs' strained interpretation of the court's order as discussed above, I cannot conclude that their interpretation, as provided by their counsel, was contumacious, vexatious or in bad faith.  Certainly, now that the court has explained the order so that no party can reasonably apply the mistaken interpretation previously employed by plaintiffs and their counsel, future violations of the court's order of the type committed by plaintiffs to date may subject them to the severest of sanctions.  At this time, however, I find that dismissal as a sanction for plaintiffs who apparently relied on their counsel in violating the court's order would be unduly harsh.

Defendants' motion is denied insofar as it seeks modification of the order. The order remains in place for the same reasons it was originally entered, including to discourage and prohibit the parties from trying their case through one-sided and self-serving accounts in the media rather than through the orderly and balanced processes of the court, which plaintiffs chose as their dispute resolution arena – rather than the court of public opinion – when they filed this lawsuit. Defendants' concerns that plaintiffs' media statements have so poisoned public opinion and the potential jury pool that only their own media and publicity campaign can now level the playing field is misplaced. Any concern about the effect of plaintiffs' activities on the potential jury and at trial can be adequately addressed at trial, through vigorous voir dire examination and the exclusion from jury service of any venire person whose objectivity has been undermined by the one-sided presentations of this case in the media to date. The court will <u>not</u> modify the order in the manner requested by defendants.

II.     <u>PLAINTIFFS' MOTION FOR CONTEMPT AND SANCTIONS</u>

Plaintiffs contend in their motion that defendants have violated the same court order, Record Doc. No. 119 at p. 2, through various job-related actions to intimidate or retaliate against plaintiffs for having filed suit against defendants. Plaintiffs seek a contempt citation, monetary sanctions and various other sorts of remedies, some of which are in the nature of discovery. The provision of the order at issue in this motion is

Paragraph I(2), which states: "Neither party will coerce, threaten, or intimidate any putative class member."

> The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court order. In the contempt context, "clear and convincing evidence" is that 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable [the] fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case."

Moawad v. Childs, 253 F.3d 700, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (quoting Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995)); accord Hornbeck Offshore Servs., L.L.C. v. Salazar, 701 F.3d 810, 815 (5th Cir. 2012); Am. Serv. Mktg. Corp. v. Bushnell, No. 09-3097, 2009 WL 1870887, at *2 (E.D. La. June 25, 2009) (Engelhardt, J.).

"Statements and arguments of the attorneys are not evidence . . . ." Fifth Circuit Pattern Jury Instructions (Civil) 3.1 (West 2009); accord D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist., 629 F.3d 450, 457 (5th Cir. 2010); United States v. Thomas, 627 F.3d 146, 158 (5th Cir. 2010). Thus, I have closely examined the sworn statements and other evidence attached to the motion papers to determine if they present evidence sufficient to support the severe sanctions sought in this motion. When the florid argument and intimations of plaintiffs' counsel, which are not evidence, are separated

10

from the sometimes vague and conclusory content of the sworn statements attached in support of the motion, those sworn statements do <u>not</u> amount to clear and convincing evidence sufficient to show that defendants engaged in conduct prohibited by the order. In addition, the contradictory affidavits submitted by defendants in opposition to the motion establish that the facts are disputed as to the scope, nature, true basis, effect, motivation for and intent behind the allegedly retaliatory and/or intimidating actions claimed by plaintiffs. It is entirely unclear on this record whether defendants' alleged actions were retaliatory or intimidating, as opposed to merely mistaken or undertaken for legitimate business reasons or justifiable other motivations.

On the current record, I find that plaintiffs have failed to bear their burden of proof in a manner sufficient to support either the contempt citation or the other sanctions they seek in this motion. Like the media activities in which plaintiffs engaged that are the subject of defendants' motion addressed above, I view the instant motion as an attempt by plaintiffs to pre-try their case without the full and balanced exposition of the record,

including competing evidence, that will be available at trial or perhaps on a summary judgment record. This motion is denied.

New Orleans, Louisiana, this ___13th___ day of March, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE