UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISIDRO BARICUATRO, ET AL | CIVIL ACTION |
| VERSUS | NO. 11-2777 |
| INDUSTRIAL PERSONNEL AND<br>MANAGEMENT SERVICES, INC., ET AL | SECTION "N" (2) |

### ORDER AND REASONS

Before the Court is the Third Motion to Compel Arbitration and Stay Proceedings Pending Arbitration & Re-urging of Motion to Compel Arbitration and Stay Proceedings (**Rec. Doc. 368**), filed by defendants V Manpower Philippines, Inc. ("V People") & Pacific Ocean Manning Inc. ("POMI").

### I. BACKGROUND:

The instant motion is a follow-up to this Court's Order and Reasons of February 27, 2013 (Rec. Doc. 330), in which the Court denied without prejudice POMI and V People's original motion to compel arbitration (Rec. Doc. 214) as to several plaintiffs on grounds that the movants had failed to prove the existence of a written arbitration agreement with respect to those plaintiffs. That Order and Reasons (Rec. Doc. 330) is incorporated herein. Having now located copies of the Seafarer Standard Terms signed by certain of those plaintiffs, the movants now reurge their motion with respect to these plaintiffs and seek to compel arbitration as to certain other plaintiffs not addressed in the original motion.

**II.  ANALYSIS:**

In support of the instant motion the movants have submitted copies of the Seafarer Standard Terms (containing an arbitration agreement) signed by the following twelve plaintiffs: (1) Zosimo Barroga; (2) Randy O. Cabuenas; (3) Rogelio L. Calagos; (4) Bienvenido B. Cruzat; (5) Teodoro V. Dominguez; (6) Joselito B. Eleda; (7) Teofilo Erwin S. Garcia; (8) Isagani Garing; (9) Benito P. Ilagan, Jr.; (10) Angelito A. Marasigan; (11) Amado G. Matusalin; and (12) Dante A. Perez.  *See* Rec. Docs. 368-2, 368-3 and 368-4.

Plaintiffs offer three arguments in opposition:  (1) the movants have failed to submit employment contracts as to certain of the plaintiffs; (2) only POMI, not V People, is indicated as a party to the agreements embodied in the signed copies of the Seafarer Standard Terms, and the movants have failed otherwise to prove that V People is a party to the arbitration agreements; and (3) as to five of the plaintiffs, the agreements are void due to fraud in the inducement.  *See* Rec. Doc. 394.

**A.  Whether POMI Has Established Written Arbitration Agreements:**

As to plaintiffs' first argument, the Court disagrees.  Although the movants have not submitted separate employment agreements for each of the twelve plaintiffs,[1] they have submitted for each of the plaintiffs a copy of the Seafarer Standard Terms, dated and signed by the plaintiff and an agent for POMI.  *See* Rec. Docs. 368-2, 368-3 and 368-4.  The Court finds that these documents are sufficient to establish a written arbitration agreement between POMI and each of the twelve plaintiffs.

---

[1] Such agreements are in the record as to certain of the plaintiffs as attachments to Rec. Docs. 214 and 275.

**B.   Whether V People is a Party to Any of the Arbitration Agreements:**

The Court agrees with the plaintiff's second argument.  V People is not a signatory to the arbitration agreements, and the agreements do not appear to mention V People.  The burden is on V People to prove that it is a party to the arbitration agreement.  The Court should not be left to guess.  Accordingly, as to V People, the motion will be denied without prejudice.

**C.   Whether Any of the Agreements is Void for Fraud in the Inducement:**

Plaintiffs' final argument is that the arbitration agreements entered into by the following five plaintiffs are void due to fraud in the inducement:   (1) Zosimo Barroga; (2) Randy O. Cabuenas; (3) Rogelio L. Calagos; (4) Teofilo Erwin S. Garcia; and (5) Dante A. Perez.   In support of this argument, plaintiffs point to exhibits and arguments presented in opposition to the movants' original motion.  *See* Rec. Docs. 246 at 1-5, 16-22; 246-2 at 7-15, 18-23.   Law and analysis regarding fraud in the inducement is set forth at pages 33-34 of this Court's prior ruling.  *See* Rec. Doc. 33.

Ignorance by one party of the terms of an agreement may form a basis for nullity if it was induced by the other party.  *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003).  Inducement may be found if the party misrepresented facts, acted in less than good faith, or had notice of the other party's ignorance.  *Id.*   In opposition to the movants' original motion, the plaintiffs argued that they were ignorant of the arbitration agreement contained in the Seafarer Standard Terms because:   (1) they had no opportunity to review the document; (2) the copy provided to them was in illegibly fine print; and (3) they do not read English proficiently.  *See* Rec. Doc. 246 at 19-21.   Plaintiffs incorporate the same arguments here, pointing to the

3

declarations submitted by five of the plaintiffs (Barroga, Cabuenas, Calagos, Garcia and Perez) in connection with the earlier motion.  *See* Rec. Doc. 246-2 at 7-15, 18-23.   Pertinent to this argument, these declarants state the following:   (1) "English is my second language.  I do not read English proficiently."  and (2) "I do not recall having the opportunity to read or review the Standard Terms and Conditions Governing the Employment of Seafarers on Board Ocean Going Vessels ("Seafarer Standard Terms"); or the arbitration provision in the Seafarer Standard Terms; or any rules regarding arbitration before I signed and/or at the time that I signed the employment contract."  *Id.*[2]   In none of the declarations does the declarant state that he was ignorant of the arbitration clause when he signed the Seafarer Standard Terms.   Nor do the plaintiffs offer any evidence tending to show that POMI knew of such ignorance or that POMI's agents misrepresented any facts or acted in bad faith.   Accordingly, assuming without deciding that this is an argument that the Court may even consider,[3] the Court finds that the plaintiffs have failed to make out a *prima facie* case of fraud in the inducement.

### D.  Whether Any of the Agreements is Void for Fraud:

In their opposition memorandum (Rec. Doc. 394), the plaintiffs argue only that the agreements of certain plaintiffs (Barroga, Cabuenas, Calagos, Garcia and Perez) are void for fraud in the inducement.   Rec. Doc. 394 at 6.   They do not refer to the separate fraud argument

---

[2] The language of the five declarations are identical in this regard, except that the declaration of Teofilo Garcia omits the sentence:  "I do not read English proficiently."  Rec. Doc. 246-2 at 20.

[3] *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402-04 (1967).

asserted in opposition to the earlier motion regarding the alleged misclassification of workers. *See* Rec. Doc. 246 at 15-19. However, because the plaintiffs cite to certain pages of the previous memorandum which discuss the fraud argument, the Court will address it here as well.

In opposing the movants' previous motion, in addition to the fraud in the inducement argument discussed above, plaintiffs argued that the arbitration agreements were void due to fraud because the movants had intentionally misclassified the plaintiffs as "seafarers" in order to implicate the arbitration provision of the Seafarer Standard Terms. To the extent that they reassert the argument here, the Court finds that the argument fails. Each of the five plaintiffs in question states in his declaration: (1) that he was told by the POMI representative that he would work primarily onshore; and (2) that in fact he did work only onshore (never offshore) in connection with the POMI employment contract. *See* Rec. Doc. 246-2 at 7-15, 18-23. Yet, the plaintiffs have presented no evidence or even specific allegations that the movants made any misrepresentation to any of the plaintiffs in question, much less that they did so with the intent to deceive. Accordingly, they have failed to make out a case of fraud or any other infirmity that would preclude the enforcement of the written arbitration agreements between POMI and the twelve plaintiffs at issue here. Accordingly;

**IT IS ORDERED** that:

1) The Third Motion to Compel Arbitration (**Rec. Doc. 368**) is **GRANTED IN PART**, in that it granted as to POMI, and **DENIED WITHOUT PREJUDICE IN PART**, in that it is denied as to V People, without prejudice to V People's right to re-urge the motion supported by proof that V People is a party to the arbitration agreements;

2) Plaintiffs Zosimo Barroga, Randy O. Cabuenas, Rogelio L. Calagos, Bienvenido B. Cruzat, Teodoro V. Dominguez, Joselito B. Eleda, Teofilo Erwin S. Garcia, Isagani Garing, Benito P. Ilagan, Jr., Angelito A. Marasigan, Amado G. Matusalin, and Dante A. Perez are hereby directed to arbitrate their claims against POMI in accordance with their agreements;

3) POMI and V People's original motion to dismiss and/or compel arbitration as to plaintiffs Isagani Garing and Angelito Marasigan **(Rec. Doc. 275)** is **DENIED AS MOOT**, these two plaintiffs having been included in the instant motion (Rec. Doc. 368).

3) The claims of plaintiffs Zosimo Barroga, Randy O. Cabuenas, Rogelio L. Calagos, Bienvenido B. Cruzat, Teodoro V. Dominguez, Joselito B. Eleda, Teofilo Erwin S. Garcia, Isagani Garing, Benito P. Ilagan, Jr., Angelito A. Marasigan, Amado G. Matusalin, and Dante A. Perez against POMI are hereby **STAYED** pending the completion of arbitration of such claims.   All other claims, including those of Zosimo Barroga, Randy O. Cabuenas, Rogelio L. Calagos, Bienvenido B. Cruzat, Teodoro V. Dominguez, Joselito B. Eleda, Teofilo Erwin S. Garcia, Isagani Garing, Benito P. Ilagan, Jr., Angelito A. Marasigan, Amado G. Matusalin, and Dante A. Perez against other defendants, shall proceed in this Court.

New Orleans, Louisiana, this 18th day of June, 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**