UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ISIDRO BARICUATRO, ET AL                         CIVIL ACTION

VERSUS                                            NO. 11-2777

INDUSTRIAL PERSONNEL AND                          SECTION "N" (2)
MANAGEMENT SERVICES, INC., ET AL

**ORDER AND REASONS**

Before the Court are two motions to compel arbitration and stay proceedings pending arbitration filed by defendant DNR Offshore and Crewing Services, Inc. **(Rec. Docs. 309 and 352)**. Plaintiffs' opposition memorandum is filed at Rec. Doc. 364. Reply and supplemental memoranda are at Rec. Docs. 371 and 374.

**I. BACKGROUND:**

The form of arbitration agreement at issue here was addressed in detail in this Court's Order and Reasons of February 27, 2013 (Rec. Doc. 330), in which the Court granted in part and denied without prejudice in part a motion to compel arbitration brought by defendants V Manpower Philippines ("V People") and Pacific Ocean Manning Inc. ("POMI"). The background, law, and (to the extent applicable) analysis set forth in that ruling is adopted herein.

**II. ANALYSIS:**

In support of Rec. Doc. 309, DNR has submitted copies of the Seafarer Standard Terms (containing an arbitration agreement) signed by the following twenty-one plaintiffs: (1) Ricardo Ramos, (2) Ranel Lamoste, (3) Camilo Alagdon, (4) Romeo Andrade, (5) Randy Cabuenas, (6) Roy Cuyag, (7) Ramil Guevarra, (8) Angelo Nalzaro, (9) Eduardo Real, (10) Cornelio Ingco, (11) Rufino Orlanes, (12) Johnny Yusoff, (13) Francisco Villanueva, (14) Edgar Montil, (15) Nilo Valenciano, (16) Avelino Tajonera, (17) John Sahagun, (18) Chris Sedano, (19) Joel Ramos, (20) Noel Mallari, and (21) Rosauro Dimalanta.  *See* Rec. Docs. 309-3 through 309-9.

In support of Rec. Doc. 352, DNR has submitted copies of the Seafarer Standard Terms (containing an arbitration agreement) signed by the following four plaintiffs: (1) Arnel Fragada, (2) Sandro Sahugan, (3) Teofilo Tamayo, and (4) Michael Dalire.  *See* Rec. Docs. 352-3 through 352-7.

Three of the plaintiffs in question (Ricardo Ramos, Ranel Lamoste, and Eduardo Real) were added as plaintiffs in the first amended complaint (Rec. Doc. 24), filed on May 9, 2012, which was the first complaint to name DNR as a defendant.  Five of the plaintiffs (Camilo Alagdon, Randy Cabuenas, Roy Cuyag, Ramil Guevarra, and Angelo Nalzaro) were added in the second amended complaint (Rec. Doc. 172), filed on September 7, 2012.  Four of the plaintiffs (Romeo Andrade, Cornelio Ingco, Rufino Orlanes, and Johnny Yusoff) were added in the third amended complaint (Rec. Doc. 235), filed on November 27, 2012.  Nine of the plaintiffs (Francisco Villanueva, Edgar Montil, Nilo Valenciano, Avelino Tajonera, John Sahagun, Chris Sedano, Joel Ramos, Noel Mallari, and Rosauro Dimalanta) were added in the fourth amended

complaint (Rec. Doc. 311), filed on February 19, 2013. The remaining four plaintiffs (Arnel Fragada, Sandro Sahugan, Teofilo Tamayo, and Michael Dalire) opted into the FLSA collective action on February 20 and 21, 2013. (Rec. Docs. 315 and 316). They have not joined as named plaintiffs.

Plaintiffs oppose the motions on three grounds: (1) DNR has waived its right to arbitrate by purposefully invoking the judicial process; (2) questions remain as to whether the plaintiffs qualify as "seafarers" under Philippine law and whether the Standard Terms preclude enforcement of laws in foreign jurisdictions; and (3) questions exist as to whether the arbitration agreements extend to all or only a portion of certain plaintiffs' employment. *See* Rec. Doc. 364.

### A. Whether DNR Has Waived Its Right to Arbitrate:

The Court carefully analyzed the law of waiver in its earlier ruling (Rec. Doc. 330), and this analysis is incorporated herein. Plaintiffs argue that DNR has waived its right to arbitrate by substantially invoking the judicial process to the plaintiffs' prejudice before moving to enforce its arbitration rights.

#### 1. Plaintiffs Named in the First Amended Complaint:

As to the three plaintiffs named in the first amended complaint (Ricardo Ramos, Ranel Lamoste, and Eduardo Real), the Court agrees with the plaintiffs that DNR waived its right to arbitrate. DNR was served with this complaint on May 28, 2012. *See* Rec. Doc. 50. DNR first mentioned its right to arbitrate in its Answer, filed on November 8, 2012, where it broadly pleaded its right to compel arbitration against any plaintiff who had signed a contract containing the Seafarer Standard Terms. *See* Rec. Doc. 215. However, it was on December 7, 2012, by filing a memorandum in support of POMI's arbitration motion, and on December 12, 2013 at

oral argument, that DNR first took action that put the plaintiffs and the Court on notice that DNR had a right to arbitrate and intended to enforce it.[1]  *See* Rec. Docs. 250, 253, 262.  Thus, the time frame involved is a mere six months — not long given the scope of this litigation.  However, the litigation that occurred during those six months was among the most active and contentious this Court has seen.

Unlike POMI and V People, who stayed on the sidelines through most of the acrimony, DNR was involved in all aspects of the litigation.  Along with other defendants, DNR fought several battles over protective orders, gag orders, and motions for contempt (*e.g.*, Rec. Docs. 71, 88, 93, 102, 108, 121).  As to these three plaintiffs (Ricardo Ramos, Ranel Lamoste, and Eduardo Real), DNR filed two motions to dismiss, seeking to dismiss the plaintiffs' claims with prejudice.  *See* Rec. Docs. 76 and 175.  Also as to these three plaintiffs, DNR asserted (in its opposition to plaintiffs' motion to certify an FLSA collective action) that these plaintiffs had executed "quitclaim" deeds in DNR's favor, releasing DNR from any claim or demand.  *See* Rec. Doc. 186 at 9.  Throughout this activity, DNR made no mention of its right to arbitrate.  In addition to the substantial burden placed on plaintiffs in responding to DNR's motions, DNR was successful in dismissing with prejudice certain of these plaintiffs' claims and in limiting the manner and degree to which plaintiffs and their counsel were permitted to speak publicly about their claims.  *See* Rec. Docs. 119, 168.  Accordingly, as to Ricardo Ramos, Ranel Lamoste, and Eduardo Real, the Court finds that DNR substantially invoked the judicial process to the

---

[1]  The plaintiffs argue that DNR should be charged with all actions taken in the litigation up through the filing of the instant motions in February and March 2013, and even beyond, until the hearing date that DNR selected for the motions.  The Court disagrees.  DNR made clear in early December 2012 that it intended to enforce its right to arbitrate.  Any actions it took after that time must be considered in that light of its December actions.

detriment and prejudice of these three plaintiffs. Thus, as to them, the plaintiffs have carried their heavy burden of overcoming the strong presumption against finding waiver. *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010).

### 2.  **The Plaintiffs Named in the Third and Fourth Amended Complaints:**

The third amended complaint (Rec. Doc. 235) was filed on November 27, 2012, after DNR filed its answer reserving the right to arbitrate and only ten days before DNR filed its motion supporting POMI's arbitration motion. Rec. Docs. 215, 250. During this interim, DNR took no action in this litigation. Thus, as to the plaintiffs added in the third amended complaint, as well as those added thereafter in the fourth amended complaint and those who joined even later as opt-in plaintiffs, the Court finds that DNR did not take any action that would amount to waiver of its right to arbitrate. All actions taken with respect to the claims of these plaintiffs were taken after DNR had made clear that it had arbitration agreements and intended to enforce them.

Plaintiffs argue that DNR had the duty to raise its right to arbitrate at the onset of litigation and that its waiver should extend to those plaintiffs added at later dates, regardless of when they were joined. *See* Rec. Doc. 364 at 3 n.3 and 15 n. 23. However, the plaintiffs have cited no legal authority that supports this argument. Given that the burden is on the plaintiffs to overcome the strong presumption against waiver, the Court finds that the plaintiffs have failed in this regard. Accordingly, as to Romeo Andrade, Cornelio Ingco, Rufino Orlanes, Johnny Yusoff, Francisco Villanueva, Edgar Montil, Nilo Valenciano, Avelino Tajonera, John Sahagun, Chris Sedano, Joel Ramos, Noel Mallari, Rosauro Dimalanta, Arnel Fragada, Sandro Sahugan, Teofilo Tamayo, and Michael Dalire, the Court finds that DNR has not waived its right to

arbitrate.

### 3.  **The Plaintiffs Named in the Second Amended Complaint:**

A more difficult question is whether DNR waived its right to arbitrate with respect to the five plaintiffs added in the second amended complaint (Camilo Alagdon, Randy Cabuenas, Roy Cuyag, Ramil Guevarra, and Angelo Nalzaro).  The second amended complaint (Rec. Doc. 172) was filed on September 7, 2012, two months before DNR filed its answer reserving its right to arbitrate and three months before DNR filed its motion supporting POMI's arbitration motion. Rec. Docs. 215, 250.  Although DNR filed one motion to dismiss directed to these plaintiffs' claims (Rec. Doc. 175), it was not successful in dismissing the claims of any of these five plaintiffs.[2]  *See* Rec. Doc. 210.  Also in this interim (between the second amended complaint and DNR's answer), DNR joined in a motion to stay action on the plaintiffs' motion to proceed as a collective action (Rec. Doc. 173) and in a memorandum opposing plaintiffs' motion to add new parties (Rec. Doc. 212).  Neither of these filings prejudiced the rights of the plaintiffs.  The most significant filing that DNR made with respect to these plaintiffs was its opposition to plaintiffs' motion to conditionally certify the FLSA collective action, wherein DNR asserted that three of these five plaintiffs (Roy Cuyag, Ramil Guevarra, and Angelo Nalzaro) had signed release agreements.  *See* Rec. Doc. 186 at 9 n. 6.  However, DNR did not seek dismissal of these plaintiffs' claims on the basis of the release and did not seek a ruling on the merits of the release. DNR raised the existence of the release agreements in an attempt to show that the potential

---

[2]  In response to the motion, plaintiffs did voluntarily withdraw their claim for punitive damages under Louisiana law.  *See* Rec. Docs. 192 at 2; 185 at 11; 193 at 3.

claims were not similar and should not be certified in a collective action. *Id.* Moreover, the argument resulted in no prejudice to the plaintiffs, as the Court rejected it and conditionally certified the collective action, including DNR as one of the putative employers. *See* Rec. Doc. 218. Taking these actions as a whole, particularly given the short period of time involved, the Court does not find that DNR substantially invoked the judicial process to the detriment of these five plaintiffs such that it waived its right to arbitrate their claims.

### B. The Existence of "Open Questions" Cited by Plaintiffs:

Alternatively, plaintiffs argue that DNR's motions should be denied because open questions remain as to (1) whether the plaintiffs qualify as "seafarers" under Philippine law, (2) whether the Standard Terms preclude enforcement of laws in foreign jurisdictions, and (3) whether the arbitration agreements extend to all or only a portion of the plaintiffs' employment. None of these questions present an obstacle to arbitration. The first two of these questions were raised in the Court's earlier arbitration ruling because POMI argued that it was entitled to arbitration as a matter of Philippine law without regard to whether it could establish the existence of a written agreement to arbitrate. *See* Rec. Doc. 330. Here, DNR has established written arbitration agreements with respect to each of the plaintiffs named above. Thus, these unanswered questions of Philippine law do not preclude arbitration. To the extent they are relevant to the plaintiffs' claims against DNR, they may be presented to the arbitrators. Plaintiffs' questions concerning the duration of the employment subject to the arbitration agreement is likewise one for the arbitrators. Accordingly;

**IT IS ORDERED** that:

1) The Motion to Compel Arbitration and Stay Proceedings Pending Arbitration of Defendant DNR Offshore and Crewing Services, Inc. **(Rec. Doc. 309)** is hereby **GRANTED IN PART**, in that it is granted as to plaintiffs Camilo Alagdon, Randy Cabuenas, Roy Cuyag, Ramil Guevarra, Angelo Nalzaro, Romeo Andrade, Cornelio Ingco, Rufino Orlanes, Johnny Yusoff, Francisco Villanueva, Edgar Montil, Nilo Valenciano, Avelino Tajonera, John Sahagun, Chris Sedano, Joel Ramos, Noel Mallari, and Rosauro Dimalanta, and **DENIED IN PART**, in that it is denied as to plaintiffs Ricardo Ramos, Ranel Lamoste, and Eduardo Real;

2) The Motion to Compel Arbitration and Stay Proceedings Pending Arbitration of Defendant DNR Offshore and Crewing Services, Inc. **(Rec. Doc. 352)** is hereby **GRANTED**;

3) Plaintiffs Camilo Alagdon, Randy Cabuenas, Roy Cuyag, Ramil Guevarra, Angelo Nalzaro, Romeo Andrade, Cornelio Ingco, Rufino Orlanes, Johnny Yusoff, Francisco Villanueva, Edgar Montil, Nilo Valenciano, Avelino Tajonera, John Sahagun, Chris Sedano, Joel Ramos, Noel Mallari, Rosauro Dimalanta, Arnel Fragada, Sandro Sahugan, Teofilo Tamayo, and Michael Dalire are hereby directed to arbitrate their claims against DNR in accordance with their agreements;

4) The claims of plaintiffs Camilo Alagdon, Randy Cabuenas, Roy Cuyag, Ramil Guevarra, Angelo Nalzaro, Romeo Andrade, Cornelio Ingco, Rufino Orlanes, Johnny Yusoff, Francisco Villanueva, Edgar Montil, Nilo Valenciano, Avelino Tajonera, John Sahagun, Chris Sedano, Joel Ramos, Noel Mallari, Rosauro Dimalanta, Arnel Fragada, Sandro Sahugan, Teofilo Tamayo, and Michael Dalire against DNR are hereby **STAYED** pending the completion of

arbitration of such claims.   All other claims, including those of Camilo Alagdon, Randy Cabuenas, Roy Cuyag, Ramil Guevarra, Angelo Nalzaro, Romeo Andrade, Cornelio Ingco, Rufino Orlanes, Johnny Yusoff, Francisco Villanueva, Edgar Montil, Nilo Valenciano, Avelino Tajonera, John Sahagun, Chris Sedano, Joel Ramos, Noel Mallari, Rosauro Dimalanta, Arnel Fragada, Sandro Sahugan, Teofilo Tamayo, and Michael Dalire against other defendants, shall proceed in this Court.

New Orleans, Louisiana, this 24th day of June, 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**