UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ISIDRO BARICUATRO, ET AL                                CIVIL ACTION

VERSUS                                                  NO.  11-2777

INDUSTRIAL PERSONNEL AND                                SECTION "N"  (2)
MANAGEMENT SERVICES, INC., ET AL

### ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment **(Rec. Doc. 406)**, filed by defendants DNR Offshore and Crewing Services, Inc., Grand Isle Shipyard, Inc., Thunder Enterprises, Inc., D&R Resources, LLC, Danilo N. Dayao, and Randolf Malagapo.  Plaintiffs' opposition memorandum is filed at Rec. Doc. 425.   Movants' reply memorandum is filed at Rec. Doc. 432.

### I.  BACKGROUND:

The plaintiffs are Filipino workers (including welders and pipe fitters) who allege that they were fraudulently recruited in the Philippines, given E-2 or B-1/OCS visas, and then brought to Louisiana, where they were exploited in the oil and gas industry and housed in deplorable conditions.   They have filed suit against three Louisiana companies (Grand Isle Shipyard, Inc. ("GIS"); Thunder Enterprises, Inc.; and D&R Resources, LLC) and four individuals connected to one or more of these companies:   Mark Pregeant; Danilo N. Dayao;

Nilfil Peralta; and Randolf Malgapo.   In addition, they have sued four Philippines companies alleged to have recruited and/or obtained visas for certain of the plaintiffs:   DNR Offshore and Crewing Services, Inc. ("DNR"); Pacific Ocean Manning, Inc. ("POMI"); V Manpower Philippines, Inc., f/k/a V People Manpower Philippines, Inc. ("V People"); and Industrial Personnel and Management Services, Inc. ("IPAMS").   *See* Rec. Docs. 1, 24, 172, 235, 311.

The plaintiffs allege that the defendants:   (1) subjected them to forced labor in violation of the Trafficking Victims Protection Act of 2003 (18 U.S.C. §§ 1589-90); (2) violated the Racketeer Influenced and Corrupt Organization Act ("RICO") (18 U.S.C. §§ 1961- 68); (3) violated the plaintiffs' civil rights (42 U.S.C. § 1981); (4) violated the Fair Labor Standards Act ("FLSA") (19 U.S.C. §§ 203(m), 206 & 207); (5) violated the Klu Klux Klan Act of 1871 (42 U.S.C. § 1985) and the Thirteenth Amendment; (6) committed the torts of fraud, negligent misrepresentation, false imprisonment, and intentional and negligent infliction of emotional distress under Louisiana law; and (7) breached contracts and/or covenants of good faith and fair dealing.  Rec. Doc. 24; *see also* 2d Amended Complaint (Rec. Doc. 172).   The plaintiffs also assert these claims on behalf of others similarly situated, as a putative class action under FRCP 23 and a putative collective action under the FLSA.   *See* Rec. Docs. 1, 24, 172, 235, 311.

The instant motion seeks to dismiss only the false imprisonment claims.[1]

## II. LAW AND ANALYSIS:

"The Court shall grant summary judgment if the movant shows that there is no genuine

---

[1] Plaintiffs assert claims of false imprisonment against the movants, but not against defendants Pregeant, Peralta, POMI, IPAMS, or V People.  *See* Rec. Doc. 311.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party has carried this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita,* 475 U.S. at 587). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Although the Court must draw in favor of the nonmoving party all reasonable inferences that may be drawn from the evidence submitted, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). If the nonmoving party cannot produce admissible evidence sufficient to establish an essential element as to which the nonmoving party would bear the burden at trial, entry of summary judgment is mandated. *Celotex Corp.*, 477 U.S. at 322-23.

The Louisiana tort of false imprisonment occurs "when one arrests and restrains another against his will and without statutory authority." *Kennedy v. Sheriff of East Baton Rouge,* 935 So. 2d 669, 690 (La. 2006); *Henderson v. Bailey Bark Materials*, — So.3d — , 2013 WL

3

1442181 *6 (La. Ct. App. 2nd Cir. 2013); *Bellanger v. Webre*, 65 So.3d 201, 209 (La. Ct. App. 1st Cir. ), *writ denied*, 69 So.3d 1149 (La. 2011); *Cooks v. Rodenbeck*, 711 So.2d 444, 447 (La. Ct. App. 3rd Cir. 1998). Thus, the tort entails two essential elements: "(1) detention of the person; and (2) the unlawfulness of the detention." *Kennedy,* 935 So. 2d at 690; *Henderson*, 2013 WL 1442181 at *6; *Bellanger*, 65 So.3d at 209; *Cooks*, 711 So.2d at 447; *Hays v. Hansen*, 692 So.2d 3, 5 (La. Ct. App. 4th Cir. 1997).

     Movants argue that plaintiffs' false imprisonment claim must be dismissed because plaintiffs cannot establish the essential element of detention. Detention is the "total restraint of the liberty of the person." *Smith v. Knight*, 907 So. 2d 831, 835 (La. Ct. App. 2nd Cir. 2005). It entails restriction of one's freedom of movement.[2] *See, e.g., Kennedy,* 935 So. 2d at 690 (district court properly dismissed false imprisonment claim on summary judgment where there was no evidence that any restaurant employee "restrained [plaintiff] or prevented him from leaving"); *Cook American Gateway Bank*, 49 So.3d 23, 36-37 (La. Ct. App. 1st Cir. 2010); *Taylor v. Johnson,* 796 So.2d 11, 13-14 (La. Ct. App. 3rd Cir. 2001) (reversing false imprisonment award where no store employee restricted plaintiff's movement in the store or advised her she could not leave); *Mitchell v. Villien,* 19 So.3d 557, 572-73 (La. Ct. App. 4th Cir.), *writ denied*, 23 So. 3d 923 (La. 2009) (false imprisonment claim against doctor should have been dismissed on summary judgment where he did not physically detain or restrain plaintiff in any

---

[2] As the Louisiana Supreme Court explained in the seminal case of *Crossett v. Campbell*, 48 So. 141 (La. 1908), the right that is infringed by this tort is freedom of locomotion. *Id.* at 143. If free egress is possible, there can be no false imprisonment. *Id.*

4

way or exercise any control over plaintiff's movement and police made independent determination to arrest plaintiff). To support a claim for false imprisonment, there must be actual physical restraint (*e.g.*, a locked door) or circumstances that would lead a reasonable person to believe he was not free to leave. *Harrison v. Phillips*, 539 So.2d 911, 913 (La. Ct. App. 4th Cir.), *writ denied*, 541 So.2d 894 (La.1989)); *Trahan v. Bellsouth Telecommunications, Inc.*, 881 F. Supp. 1080, 1084 (W.D. La. 1995) (claim of false imprisonment fails "[w]ithout some evidence of physical restraint or fear of physical restraint"); *see also* 12 LA. CIV. L. TREATISE, TORT LAW § 12:9 (2d ed. 2012) ("A claim for false imprisonment must show a defendant's restriction of the victim's freedom of movement and that the plaintiff was aware that his freedom of movement was in fact restricted. The restriction must be a physical confinement."). "Bare words are insufficient to effect an imprisonment if the person to whom they are spoken is not deprived of freedom of action." *Kelly v. West Cash & Carry Bldg. Materials Store*, 745 So.2d 743, 750 (La. Ct. App. 4th Cir. 1999). "False imprisonment may not be predicated on a person's unfounded belief that he was restrained." *Id.*

Contrary to the plaintiffs' allegations in the amended complaints, the evidence is now clear that no plaintiff was ever locked inside the Galliano bunkhouse or anywhere else. The movants submit the following uncontested facts, most of which are admitted by plaintiffs and none of which is controverted by evidence: (1) American workers were housed with Filipino workers in the Lafitte boathouse, the Galliano bunkhouse, and other GIS housing facilities; (2) there were no security guards at any of the GIS housing facilities; (3) on work days, Filipino workers left their housing facilities and worked at various work locations alongside workers from many other companies; (4) Filipino workers were given monthly calling cards during their

stay in Louisiana, and many had cell phones, as well as email and internet access; (5) all Filipino workers returned periodically to the Philippines for vacation, and many of the plaintiffs chose to return to work in Louisiana after such vacations, some of them returning as many as eleven or twelve times; and (6) when the plaintiffs chose to quit their jobs, they simply walked out of the front door or front gate of the facility where they were staying and left.   No one stopped them.  *See* Rec. Docs. 406-1 and 425-1.   The 10:00 p.m. curfew at the Galliano bunkhouse was enforced by locking the doors from the inside.  Those inside the bunkhouse were able to open the doors and exit, but no one was allowed back *into* the bunkhouse after curfew.  *See* Rec. Doc. 406-2 at 8-9 and documents cited therein.

In their deposition testimony, the plaintiffs continue to maintain that GIS rules and practices governing their off-duty activity were discriminatory and unreasonably restrictive.  However, they have presented no evidence showing that any plaintiff at any time was restrained from leaving any location by force or threat of force or any physical restraint of any kind.  Given the evidence produced in discovery, plaintiffs' false imprisonment argument has been reduced to this:   (1) the plaintiffs followed GIS' strict rules because the movants threatened that they would fire the plaintiffs and deport them to the Philippines if they disobeyed; and (2) the plaintiffs continued to return to GIS in Louisiana because it is hard to find a job in the Philippines and wages there are low.

Plaintiffs argue that such circumstances can support a claim for false imprisonment.  In support of this argument, plaintiffs cite *Clark v. I.H. Rubenstein, Inc.*, 326 So.2d 497 (La. 1976).  The *Clark* court found false imprisonment where an exiting shopper triggered an electronic alarm and was asked to return inside the store so that her shopping bags could be examined.  *Id.*

at 499.  The court found that the circumstances amounted to detention because trying to leave would have only reinforced the suspicion that she had stolen something.  *Id.*   In the course of its analysis, the court noted that "[c]ourts in other jurisdictions have held that restraint of personal liberty by fear of a personal difficulty amounts to a false imprisonment, and that detention of a shopper by a merchant is privileged only where the facts would cause a prudent and cautious man to reasonably believe that the customer is guilty of shoplifting."  *Id.* (citing *Coblyn v. Kennedy's, Inc.*, 359 Mass. 319 (1971)).   Latching onto this language, plaintiffs argue that their situation amounts to "restraint of personal liberty by fear of a personal difficulty" and thus is sufficient to support a claim of false imprisonment.  The Court disagrees for several reasons.

　　　　First, the facts of *Clark* supported a finding that Mrs. Clark's freedom of egress was restrained, and the court's observation of other state's jurisprudence must be read in this light.  Although there was no overt threat of force, the circumstances in *Clark* would have led any reasonable person to believe that he or she was not free to leave.   The circumstances here do not support such a finding.  Second, the detention of suspected shoplifters is a distinctive fact pattern that is governed by a specific statute.  *See* La. Code Cr. Proc. art. 215.  In the session following the *Clark* decision, the Louisiana legislature amended the applicable statute to provide expressly that a signal from an electronic device "shall constitute a sufficient basis for reasonable cause to detain the person," provided the merchant has posted notice advising patrons that such a device is in use.  *Id.*; *see* 12 LA. CIV. L. TREATISE, TORT LAW § 12:9 note 3.  Thus, the guidance offered by *Clark* has been limited.  Third, and most important, adopting plaintiffs' argument would be directly contrary to the holdings of Louisiana courts, which have been consistent that

the threat of losing one's job does not constitute the sort of physical restraint necessary to support a claim of false imprisonment.  *See Kelly*, 745 So.2d at 750 ("Apprehension that one might in the future lose one's job or be prosecuted for theft is not the force or the threat of force necessary to establish false imprisonment."); *Trahan,* 881 F. Supp. at 1084 ("Plaintiff does not dispute the fact that he was not physically restrained, nor that he did not fear the possibility of physical restraint if he attempted to leave the company premises.  His sole fear was the threat of job loss if he did not remain.  The Louisiana Supreme Court indicated in *Crossett* [*v. Campbell*, 48 So. 141 (La. 1908)], that financial or economic restraint was not sufficient to constitute false imprisonment....Without some evidence of physical restraint or fear of physical restraint, we agree that plaintiff's complaint fails to support a claim for false imprisonment."); *cf. Smith*, 907 So. 2d at 835 ("Submission to the mere verbal directions of the employer, unaccompanied by force or threats, does not constitute false imprisonment.").  Although deportation was not at issue in these cases, the plaintiffs here have presented no evidence that would support the Court in distinguishing the cases on that basis.  The sole evidence submitted in this regard is anecdotal evidence concerning the scarcity of jobs and the low wages that prevail in the plaintiffs' home country.  The threat of such economic hardship cannot form the basis of a false imprisonment claim.[3]  Accordingly;

  **IT IS ORDERED** that the Motion for Partial Summary Judgment **(Rec. Doc. 406)**, filed by defendants DNR Offshore and Crewing Services, Inc., Grand Isle Shipyard, Inc., Thunder Enterprises, Inc., D&R Resources, LLC, Danilo N. Dayao, and Randolf Malagapo, is hereby

---

[3] The Court need not speculate as to whether an extraordinary case might exist wherein a threat of deportation might amount to a threat of force.  This is not such a case.

**GRANTED**, and the plaintiffs' claims for false imprisonment are hereby **DISMISSED**.

New Orleans, Louisiana, this 3rd day of July, 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**